IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN COFFEY,                    )  <br>                                                )  <br>          Plaintiff,                     )  <br>                                                )  <br> vs.                                        )          CIVIL NO. 10-cv-031-MJR  <br>                                                )  <br> C/O REYNOLDS, et al.,         )  <br>                                                )  <br>          Defendants.                )  | |

### MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff John Coffey, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Coffey alleges, briefly, that an incident occurred at Menard on July 30, 2008. As a result, he received a disciplinary ticket and was sanctioned with the loss of 22 months of good conduct

credit, as well as time in segregation. He states: "If I got to do seg time + additional time.... I want to be reimbursed 1 yr + 10 months of good time or $50,000.00" On page 3 of his complaint, Coffey checked "no" in response to the queries regarding the filing of a grievance over this matter, and whether the grievance process was complete. He explains, briefly: "I'm still planning to & they probably won't do anything."

Coffey may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense when, as here, it is clear from the face of the complaint that Coffey has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007).

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to refiling his claims after he has exhausted his administrative remedies. Coffey is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).[1]

**IT IS SO ORDERED.**

**DATED this 22nd day of July, 2010.**

                                           **s/ Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**

---

[1] A dismissal without prejudice counts as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See, e.g., Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir.) (history omitted); *Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 463-64 (5th Cir. 1998).